**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

FILED-ED4
02 MAR 19 PM 2:40
U.S. DISTRICT COURT

INVESTMENT CAPITAL CORPORATION, a Massachusetts corporation,
Plaintiff,
vs.

HILLCREST TRADING, LTD., an Illinois corporation; BENJAMIN REINBERG; DAVID R. GUEL; BENDER INVESTING, INC., a dissolved Illinois corporation; TOM GUEL; SILVER INVESTMENTS, INC., an Illinois corporation; JOHN WOJCIK; ISRAEL DIAZ; JAY G. SCIACOTTA and ANTOINETTE G. SCIACOTTA; ROBERT SIMMONS,
Defendants.

No. 02C 2018

JUDGE GRADY

MAGISTRATE JUDGE DENLOW

DOCKETED
MAR 2 0 2002

**COMPLAINT**

NOW COMES THE Plaintiff, INVESTMENT CAPITAL CORPORATION, a Massachusetts corporation, by and through its attorney, WAYNE S. SHAPIRO, complaining of the Defendants, HILLCREST TRADING, LTD., an Illinois corporation, BENJAMIN REINBERG, DAVID R. GUEL, BENDER INVESTING, INC., a dissolved Illinois corporation, TOM GUEL, SILVER INVESTMENTS, INC., an Illinois corporation, TOM WOJCIK, ISRAEL DIAZ, JAY G. SCIACOTTA and ANTOINETTE G. SCIACOTTA, and ROBERT SIMMONS, and in support thereof states as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction of the claim herein pursuant to *18 USCA §§1964(c)* and *28 USCA §1331*. This civil action arises under the laws of the United States.

Plaintiff is alleging a violation of its rights under Title IX of the Organized Crime Control Act of 1970, as amended, *18 USCA §§ 1961 et seq.*

2. Venue herein is proper under *18 USCA §1965(a)* and *28 USCA §1391(b)*.

**PARTIES**

3. Plaintiff is a corporation organized under and existing by virtue of the laws of the State of Massachusetts, with its principal place of business in the City of Orleans, State of Massachusetts. Plaintiff is engaged in the business of providing financing for various transactions, including real estate transactions, and does so, in part, by purchasing existing promissory notes secured by mortgages on real estate. In determining whether to enter into a certain transaction, Plaintiff relies upon appraisals of the real estate securing the promissory note, prepared by licensed appraisers.

4. Defendant HILLCREST TRADING, LTD. ("HILLCREST") is a corporation organized under and existing by virtue of the laws of the State of Illinois, with its registered office in the Village of Buffalo Grove, County of Lake and State of Illinois. HILLCREST is purportedly engaged in the business of financing real estate transactions and, as part of that business, sells or assigns promissory notes and mortgages of real estate, which activities affect interstate commerce.

5. Defendant BENJAMIN REINBERG ("REINBERG") is an adult resident of the Village of Buffalo Grove, County of Lake and State of Illinois, and, upon information and belief, is the President, Director and sole or controlling shareholder of HILLCREST.

6. Defendant DAVID R. GUEL ("D. GUEL") is an adult resident of the Village of Downers Grove, County of DuPage and State of Illinois.

7. Defendant BENDER INVESTING, INC. ("BENDER") is a dissolved corporation which had been organized under and existing by virtue of the laws of the State of Illinois, with its registered office in the Village of Downers Grove, County of DuPage, and State of Illinois. The corporation was involuntarily dissolved on September 1, 2000. BENDER was purportedly engaged in the business of financing real estate transactions and, as part of that business, sells or assigns promissory notes and mortgages of real estate, which activities affect interstate commerce.

8. Defendant TOM GUEL ("T. GUEL") is an adult resident of the Village of Downers Grove, County of DuPage, and State of Illinois and, upon information and belief, was the President, Director and sole or controlling shareholder of BENDER.

9. Defendant SILVER INVESTMENTS, INC. ("SILVER") is a corporation organized under and existing by virtue of the laws of the State of Illinois, with its registered office in the Village of Palatine, County of Cook and State of Illinois. SILVER is purportedly engaged in the business of financing real estate transactions and, as part of that business, sells or assigns promissory notes and mortgages of real estate, which activities affect interstate commerce.

10. Defendant JOHN WOJCIK ("WOJCIK") is an adult resident of the Village of Lombard, County of DuPage, and State of Illinois and, upon information and belief, was the

President, Director and sole or controlling shareholder of SILVER.

11. Defendant ISRAEL DIAZ ("DIAZ") is an adult resident of the City of Oswego, County of Kendall and State of Illinois.

12. Defendants JAY G. SCIACOTTA and ANTOINETTE G. SCIACOTTA ("SCIACOTTA") are adult residents of the Village of Oak Forest, County of Cook and State of Illinois.

13. Defendant ROBERT SIMMONS ("SIMMONS") is, upon information and belief, an adult resident of the City of Chicago, County of Cook and State of Illinois, and was a licensed real estate appraiser.

**COUNT I (RICO)**

14. Plaintiff restates and realleges Paragraphs 1 through 13 as if the same were fully and completely set forth herein.

15. Upon information and belief, Defendants, as persons within the meaning of *18 USCA §1961(3)*, agreed to conduct and participate, directly and indirectly, in an enterprise to defraud Plaintiff through a pattern of racketeering activity in violation of *18 USCA §1962(d)*.

16. Defendants, as persons within the meaning of *18 USCA §1961(3)*, conducted and participated, directly and indirectly, in a pattern of racketeering activity in violation of *18 USCA §1962(c)* as follows:

a. On or about January 4, 2000, DIAZ purchased two parcels of real estate located at 4149 South Wells Street, Chicago, Illinois, and 4461

South Princeton Street, Chicago, Illinois, respectively, each for the sum of $120,000.00. In each transaction, DIAZ purportedly paid cash of $24,000 and gave a mortgage to BENDER in the amount of $96,000.00.

b. On or about March 29, 2000 D. GUEL purchased a parcel of real estate located at 738 West 54th Place in Chicago, Illinois. D. GUEL purportedly paid cash of $19,000.00 and gave a mortgage to SILVER in the amount of $76,000.00.

c. On or about March 30, 3000 SCIACOTTA purchased two parcels of real estate located at 4447 South Wells Street, Chicago, Illinois and 4446 South Wells Street, Chicago, Illinois, respectively, each for the sum of $125,000.00. In each transaction, SCIACOTTA purportedly paid cash of $25,000.00 and gave a mortgage to BENDER for $100,000.00.

d. Upon information and belief, BENDER and SILVER assigned the notes and mortgages to HILLCREST.

e. On February 23, 2000, Plaintiff purchased both DIAZ notes from HILLCREST, and took an assignment of each mortgage. On May 8, 2000, Plaintiff purchased the GUEL note from HILLCREST and took an assignment of the mortgage. On May 8, 2000, Plaintiff purchased both SCIACOTTA notes from HILLCREST and took an assignment of each mortgage.

f. In each transaction, Plaintiff relied upon an appraisal prepared by SIMMONS, and provided to it by HILLCREST, in making its decision as to whether to purchase the notes and take assignments of the mortgages.

g. In each transaction, the appraisals prepared by SIMMONS showed each property occupied, and in better condition than was true, and that the fair market value of each property was consistent with the purchase price paid by the above-named defendants.

h. In fact, the properties were each worth substantially less than stated on the appraisals prepared by SIMMONS, and SIMMONS knew that his appraisals contained substantial misstatements of fact concerning the

conditions of the properties and their occupancy status.

i. DIAZ, D. GUEL, and SCIACOTTA each defaulted on the mortgages which had been assigned to Plaintiff.

j. At the time of the purchases of the real estate, REINBERG, T. GUEL and WOJCIK knew that the appraisals prepared by SIMMONS contained substantial misstatements of fact concerning the conditions of the properties and their occupancy status, and that the fair market values of the properties were substantially lower than their appraised values.

17. The appraisals upon which Plaintiff based its decision to purchase the notes as well as all loan documents reviewed by Plaintiff were submitted to it by facsimile transmission and mail.

18. The transmission of the appraisals and the other loan documents were transmitted by facsimile and mail in furtherance of the conspiracy and scheme to defraud, in violation of *18 USCA §1343*, and thus constitute predicate acts under *18 USCA 1961, et seq*.

19. The above predicate acts, occurring within ten years of one another, constitute a pattern of racketeering activity with in the meaning of *18 USCA 1961 (5)*.

20. Based upon its reliance on the above predicate acts, Plaintiff paid HILLCREST a total of $418,376.00 for the notes and mortgages.

21. DIAZ, GUEL and SCIACOTTA all defaulted on the notes purchased by Plaintiff.

22. Due to the fraudulent appraisals prepared by SIMMONS and submitted by the

other defendants in support of their fraudulent scheme, Plaintiff is unable to recoup its losses through the foreclosure of the mortgages and the sales of the properties.

23. Plaintiff has been injured in its business by reason of this violation of *18 USCA § 1962*, in that, as a direct and proximate result of the complained-of acts of the Defendants, Plaintiff has suffered damages in an amount in excess of $300,000.00.

24. By reason of the Defendants' violation of *18 USCA § 1962*, Plaintiff is entitled, pursuant to *18 USCA 1964(c)*, to threefold the damages sustained, or an amount in excess of $900,000.00, with interest thereon at five percent (5%) per annum, and a reasonable attorney's fee in connection herewith.

WHEREFORE, Plaintiff, INVESTMENT CAPITAL CORPORATION, a Massachusetts corporation, prays that this Court enter judgment in its favor and against the Defendants, HILLCREST TRADING, LTD., an Illinois corporation, BENJAMIN REINBERG, DAVID R. GUEL, BENDER INVESTING, INC., a dissolved Illinois corporation, TOM GUEL, SILVER INVESTMENTS, INC., an Illinois corporation, TOM WOJCIK, ISRAEL DIAZ, JAY G. SCIACOTTA and ANTOINETTE G. SCIACOTTA, and ROBERT SIMMONS, and each of them, as follows:

A. For threefold the damages actually sustained and the costs of suit, in a sum not less than $900,000.00, plus a reasonable attorney's fee, pursuant to *18 USCA § 1964(c)* with interest thereon at the rate of five percent (5%) per annum;

B. For such other and further relief as the Court may deem appropriate pursuant to *18*

*USCA § 1964*;

C. For such other and further relief as the Court deems just.

**COUNT II (Common Law Fraud)**

25. Plaintiff restates and realleges Paragraphs 1 through 24 as if the same were fully and completely set forth herein.

26. At the times Plaintiff took the assignments of the notes and mortgages, REINBERG represented to Plaintiff's agents that the appraisals prepared by SIMMONS accurately stated the conditions and values of the properties securing the notes; that the purchasers of the properties were credit-worthy; that the transactions were all arms-length.

27. The foregoing representations were material and made for the purpose and with the intent of inducing Plaintiff to purchase the notes and take an assignment of the mortgages. Plaintiff was without knowledge that the appraisals falsely stated the conditions and values of the properties, that the purchasers were not credit-worthy, and that the transactions, including the initial financing by BENDER or SILVER, and the assignment to HILLCREST, were not arms-length and were, in fact; part of a scheme to defraud Plaintiff.

28. Plaintiff reasonably relied on the representations made by REINBERG and purchased the notes and took assignments of the mortgages based upon said representations.

29. REINBERG knew at the time he made the representations that they were false, and they were made with the intent to induce Plaintiff to purchase the notes and take assignments of the mortgages.

30. But for the false representations made by REINBERG, Plaintiff would not have purchased the notes and taken assignments of the mortgages.

31. DIAZ, GUEL and SCIACOTTA have all defaulted on the loans.

32. As a direct and proximate result of the defaults of DIAZ, GUEL and SCIACOTTA, and the misrepresentations made by REINBERG, Plaintiff has suffered damages in an amount in excess of $300,000.00.

WHEREFORE, Plaintiff, INVESTMENT CAPITAL CORPORATION, a Massachusetts corporation, prays that this Court enter judgment in its favor and against the Defendants, HILLCREST TRADING, LTD., an Illinois corporation, and BENJAMIN REINBERG, in the amount of $300,000.00, plus costs of this action.

**COUNT III (Conspiracy)**

33. Plaintiff restates and realleges Paragraphs 1 through 33 of the Complaint as if the same were fully and completely set forth herein.

34. Upon information and belief, prior to January 4, 2000 Defendants conspired together and formed the deliberate design and purpose to defraud Plaintiff by inducing Plaintiff to purchase the notes and take assignments of the mortgages when they knew or should have known that DIAZ, GUEL and SCIACOTTA had no intention of complying with the terms of the notes and mortgages and would eventually default, and that the properties were not of the value represented to Plaintiff.

35. Upon information and belief, prior to January 4, 2000, pursuant to said

conspiracy and in furtherance of said design and purpose, Defendants maliciously, unlawfully and wrongfully committed the acts alleged in Paragraph 16 hereof.

36. By reason of the aforesaid conspiracy, Plaintiff has been damaged in an amount in excess of $300,000.00

WHEREFORE, Plaintiff, INVESTMENT CAPITAL CORPORATION, a Massachusetts corporation, prays that this Court enter judgment in its favor and against the Defendants, HILLCREST TRADING, LTD., an Illinois corporation, BENJAMIN REINBERG, DAVID R. GUEL, BENDER INVESTING, INC., a dissolved Illinois corporation, TOM GUEL, SILVER INVESTMENTS, INC., an Illinois corporation, TOM WOJCIK, ISRAEL DIAZ, JAY G. SCIACOTTA and ANTOINETTE G. SCIACOTTA, and ROBERT SIMMONS, and each of them, in the amount of $300,000.00 plus costs.

INVESTMENT CAPITAL CORPORATION, a Massachusetts corporation,

by: ______________________
one of its attorneys

WAYNE S. SHAPIRO
Attorney for Plaintiff
25 East Washington Street, Suite 1501
Chicago, Illinois 60602
(312)704-8400
Attorney Code No. 26006



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

DOCKETED
MAR 2 0 2002

# Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

---

**Plaintiff(s): INVESTMENT CAPITAL CORPORATION, an Massachusetts corporation,**

County of Residence: Barnstable

Plaintiff's Atty: Wayne S. Shapiro, Esq.
Mark L. Spiegel, Esq.
25 E. Washington, Suite 1501,
Chicago, IL 60602
(312) 704-8400

**Defendant(s):HILLCREST TRADING, LTD., an Illinois corporation; BENJAMIN REINBERG; DAVID R. GUEL; BENDER INVESTING, INC., a dissolved Illinois corporation; TOM GUEL; SILVER INVESTMENTS, INC., an Illinois corporation; JOHN WOJCIK; ISRAEL DIAZ; JAY G. SCIACOTTA; ANTOINETTE G. SCIACOTTA; and ROBERT SIMMONS**

County of Residence: Lake

Defendant's Atty:

**02C 2018**

---

II. Basis of Jurisdiction: **3. Federal Question (U.S. not a party)**

JUDGE GRADY

III. Citizenship of Principal Parties
**(Diversity Cases Only)**

Plaintiff:- **N/A**
Defendant:- **N/A**

MAGISTRATE JUDGE DENLOW

IV. Origin : **1. Original Proceeding**

V. Nature of Suit: **470 RICO**

VI.Cause of Action: **18 USCA 1961 et. seq.; Fraud and racketeering activities.**

VII. Requested in Complaint
Class Action: **No**
Dollar Demand: **$900,000.00**
Jury Demand: **No**

VIII. This case **IS NOT** a refiling of a previously dismissed case.

FILED-ED4
02 MAR 19 PM 2:40
U.S. DISTRICT COURT

**Signature:** Wayne S Shapiro

**Date:** 3/19/02

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, print this form, sign and date it and submit it with your new civil action. **Note: You may need to adjust the font size in your browser display to make the form print properly.** **Revised: 06/28/00**