Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge If Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 2018 | **DATE** | 2/24/2003 |
| **CASE TITLE** | Investment Capital Corporation vs. Hillcrest Trading, Ltd., et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due ___.
(3) ☐ Answer brief to motion due___. Reply to answer brief due___.
(4) ☐ Ruling/Hearing on ___ set for ___ at ___.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on ___ set for ___ at ___.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on ___ set for ___ at ___.
(7) ☐ Trial[set for/re-set for] on ___ at ___.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to ___ at ___.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] The Motion of Hillcrest Trading, Ltd., Benjamin Reinberg, Tom Guel and Bender Investing, Inc. to dismiss the complaint (4-1) is allowed, and the complaint is dismissed as to those defendants. The complaint is also dismissed as to the remaining defendants. The plaintiff is given until March 17, 2003 to file an amended complaint, failing which this cause will be dismissed with prejudice as to all defendants.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | FEB 2 5 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 2/21/2003 | |
| | | | date mailed notice | |
| KM | courtroom deputy's initials | | KM | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FEB 2 5 2003

Investment Capital Corporation, )
a Massachusetts corporation, )
) Case No. 02 C 2018
       Plaintiff, )
) Honorable Judge Grady
v. )
)
Hillcrest Trading, Ltd., et al. )
)
       Defendants. )

### ORDER

The Complaint in this case is in three counts. Count I purports to allege a RICO conspiracy, Count II sounds in common law fraud and Count III alleges a common law conspiracy.

The basic factual assertion underlying all three counts is that plaintiff purchased mortgage loans from the defendant Hillcrest Trading, Ltd. which were based on fraudulently inflated values of the real estate involved in the loans. As a result, plaintiff sustained substantial losses.

The defendants, Hillcrest Trading, Ltd., Benjamin Reinberg, Tom Guel and Bender Investing, Inc., have moved to dismiss the complaint for failure to state a claim. The remaining defendants, David R. Guel, Silver Investments, Inc., John Wojcik, Israel Diaz, Jay G. Sciacotta, Antoinette G. Sciacotta and Robert Simmons, have not appeared, and the court file contains no return of service for any of them.



Defendants Hillcrest Trading, Ltd. and Benjamin Reinberg have filed a persuasive memorandum in support of their motion, which is adopted by the defendants Tom Guel and Bender Investing, Inc. Plaintiff was given leave to respond to the motion by June 19, 2002, but has never done so.

Defendants argue that Count I fails to plead a RICO enterprise and also fails to allege a pattern of racketeering activity. Defendants are correct on both points. We will not elaborate, inasmuch as plaintiff has not responded to the arguments. Suffice it to say that Count I falls woefully short of alleging a RICO conspiracy, for the reasons asserted by the defendants. Neither a RICO enterprise nor a pattern of racketeering activity is adequately alleged.

Defendants argue that Counts II and III also fail because they do not allege fraud with sufficient particularity. Defendants are correct. The allegations of these counts are simply conclusory, with no facts stated as to the actual values of the real estate, how far short those values were of the values represented to the plaintiff, what each defendant knew about the actual values and what role each defendant played in the alleged misrepresentations to the plaintiff.

The motion of the defendants Hillcrest Trading, Ltd., Benjamin Reinberg, Tom Guel and Bender Investing, Inc. to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6), is allowed.

The complaint will also be dismissed as to the nonmoving defendants, because the allegations are at least equally deficient as to them. Bonny v. The Society of Lloyd's, 3 F.3d 156, 162 (7th Cir. 1993).

It may be that plaintiff is unable to state a claim, which could account for its failure to respond to the motion to dismiss. However, we will give plaintiff leave to file an amended complaint by March 17, 2003. If no amended complaint has been filed by that time, the cause will be dismissed with prejudice as to all defendants.

Date: February 24, 2003

ENTER: _____
John F. Grady, United States District Judge

C:\wptext\02C2018Order.wpd

3